# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVEN D. BARNES,<br><br>　　　　Respondent. | Case No. 1:21-cv-00177-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 6)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On January 29, 2021, Petitioner commenced the instant proceeding by filing a petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On February 3, 2021, the petition was transferred to this Court. (ECF No. 3). On February 4, 2021, the Court received another petition that is almost identical to the initial petition. (ECF No. 6).

Here, Petitioner challenges his conviction in King County Superior Court case number 18CM-0401 on the following grounds: (1) Petitioner's conviction was incident to an illegal

arrest; (2) Petitioner was held to answer for a crime without presentment or indictment of a grand jury, in violation of the Fifth Amendment; and (3) as Petitioner has not been duly convicted, he is in custody in violation of the Thirteenth Amendment. (ECF No. 1 at 1–2; ECF No. 6 at 1–2).[1]

## II.

## DISCUSSION

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of the Constitution or other federal laws." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

### A. Unlawful Arrest

Petitioner appears to argue that he is entitled to habeas relief because his conviction stemmed from an illegal arrest. However, it is an "established rule that illegal arrest or detention does not void a subsequent conviction." Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (citing Frisbie v. Collins, 342 U.S. 519 (1952); Ker v. Illinois, 119 U.S. 436 (1886)). See Rose v. Mitchell, 443 U.S. 545, 576 (1979) (Stewart, J., concurring) ("It is well settled that deprivations of constitutional rights that occur before trial are no bar to conviction unless there has been an impact upon the trial itself. A conviction after trial . . . represents a break in the chain of events which has preceded it in the criminal process." (footnote, internal quotation marks, and citations omitted)). Accordingly, Petitioner is not entitled to habeas relief on this ground.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

### B. Right to Presentment or Indictment by Grand Jury

Petitioner argues that he was held to answer for a crime without presentment or indictment of a grand jury, in violation of the Fifth Amendment. However, there is "no due process right to a grand jury indictment before criminal prosecution in state court." Peterson v. California, 604 F.3d 1166, 1170 (9th Cir. 2010) (citing Hurtado v. California, 110 U.S. 516, 534–35 (1884)). Accord Gautt v. Lewis, 489 F.3d 993, 1003 n.10 (9th Cir. 2007) (The "Fifth Amendment right to presentment or indictment by a grand jury . . . has not been incorporated into the Fourteenth Amendment so as to apply against the states."); Stumpf v. Alaska, 78 F. App'x 19, 21 (9th Cir. 2003) ("Because the right to a grand jury has not been applied to the states via the Fourteenth Amendment, Stumpf's Fifth Amendment challenge to the grand jury proceedings does not raise a question of federal law and is not cognizable on habeas review." (citation omitted)). Accordingly, Petitioner is not entitled to habeas relief on this ground.

### C. Thirteenth Amendment

Lastly, Petitioner asserts that as he has not been duly convicted, he is in custody in violation of the Thirteenth Amendment. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the part shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. "Where a person is duly tried, convicted, sentenced, and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963) (citations omitted). As set forth above, illegal arrest does not void a subsequent conviction and there is no right to a grand jury indictment before criminal prosecution in state court. Petitioner has not alleged facts which refute that he was duly tried, convicted, sentenced, and imprisoned. Accordingly, Petitioner is not entitled to habeas relief on this ground.

///

///

///

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 1, 2021**

UNITED STATES MAGISTRATE JUDGE