# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>STEVEN D. BARNES,<br><br>Respondent. | Case No. 1:21-cv-00177-AWI-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTIONS, ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 7, 8, 10) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 1, 2021, the Magistrate Judge issued Findings and Recommendation recommending that the petition be dismissed for failure to state cognizable federal habeas claims. (ECF No. 7). The Findings and Recommendation was served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. In lieu of objections, Petitioner filed two motions seeking a court order issuing a writ of habeas corpus, staying proceedings against Petitioner, and directing officials to produce certain portions of the state court record. (ECF Nos. 8, 10). However, these motions failed to address the analysis and reasoning of the Findings and Recommendation.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed

debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on March 1, 2021 (ECF No. 7) is ADOPTED;
2. Petitioner's motions (ECF Nos. 8, 10) are DENIED;
3. The petition for writ of habeas corpus is DISMISSED;
4. The Clerk of Court is DIRECTED to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  May 1, 2021

_____
SENIOR DISTRICT JUDGE