# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVEN D. BARNES,<br><br>　　　　Respondent. | Case No. 1:21-cv-00177-AWI-SAB-HC<br><br>ORDER DENYING REQUEST FOR DISQUALIFICATION, APPLICATION FOR WRIT OF HABEAS CORPUS, AND MOTION FOR TEMPORARY OR PRELIMINARY INJUNCTIVE RELIEF<br><br>(ECF No. 14, 15) |

Petitioner is a state prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 3, 2021, the Court dismissed Petitioner's petition for writ of habeas corpus for failure to state cognizable federal habeas claims, judgment was entered, and this case was closed. (ECF Nos. 12, 13). On May 17, 2021, Petitioner filed an application for writ of habeas corpus and a motion for temporary or preliminary injunctive relief. (ECF Nos. 14, 15).

**I.**

**DISCUSSION**

**A. Disqualification**

In the application for writ of habeas corpus, Petitioner requests that the undersigned disqualify himself because his impartiality might reasonably be questioned. (ECF No. 14 at 1).[1] A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). Opinions formed during the course of judicial proceedings "almost

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Petitioner does not provide any allegations whatsoever as a basis for disqualifications. The undersigned is not concerned with his ability to remain impartial. There is no evidence of any impropriety in the record, and Petitioner does not point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal. See Liteky, 510 U.S. at 555–56. Therefore, the undersigned will not recuse himself.

**B. Application for Writ of Habeas Corpus**

In the application for writ of habeas corpus, Petitioner raises the same claims previously raised in his original petition. The Court construes the application as a motion for reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Bernhardt v. Los Angeles County, 339 F.2d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally); Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise).

The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

The arguments and claims set forth in the application were already raised in the original petition. Accordingly, the Court finds that the extraordinary relief under Rule 59(e) is not warranted.

### C. Preliminary Injunction

In the motion for temporary or preliminary injunctive relief, Petitioner requests that he be released on his own recognizance or released on bail. (ECF No. 15). As this Court dismissed Petitioner's original petition for failure to state cognizable federal habeas claims and has found that the extraordinary relief under Rule 59(e) is not warranted, Petitioner is not entitled to release. Accordingly, the Court denies Petitioner's motion for temporary or preliminary injunctive relief.

## II.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the request for disqualification, application for writ of habeas corpus, and motion for temporary or preliminary injunctive relief (ECF Nos. 14, 15) are DENIED.

IT IS SO ORDERED.

Dated: May 18, 2021

_____
SENIOR DISTRICT JUDGE